Dear Mr. Coenen:
On behalf of the Tensas Basin Levee District ("Tensas"), you have requested the opinion of this office regarding whether Tensas can enter into a cooperative endeavor agreement with the Fifth Levee District ("Fifth") whereby Tensas would furnish funds annually to Fifth for flood fighting purposes and levee maintenance. Apparently, Fifth has asked Tensas to assist it in the maintenance of the main line Mississippi River levee located within Fifth's jurisdiction. You have advised that if the main line Mississippi River levee were to break it would flood not only the Fifth Levee District but also a large portion of the Tensas Basin Levee District, including the City of Monroe, and everything south of the two districts.
Your inquiry must be examined with regard to La. Const. Art. VII, Sec. 14, which prohibits the loan, pledge, or donation of funds by one political subdivision to another. The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the state or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v.Louisiana Municipal Risk Agency, 439 So.2d 399 (La. 1983). However, in Guste v. Nicholls College Foundation, 564 So.2d 682
(La. 1990), a transfer of public funds by the Nicholls State University Alumni Federation to the Nicholls College Foundation was held to be given and accepted "under the authority of the constitution and laws of this state" as the funds were "transferred in the discharge of the Federation's constitutional or statutory duties" and were accepted by the Foundation, "assumedly a non-public body (a nonprofit corporation) with a commitment to assist the Federation in carrying out its constitutional and legal duties in public education".
La. Const. Art. VI, Secs. 38 — 42 and La. R.S. 38:281, etseq. pertain to levee districts and provide for the duties and authority of the various Districts and their Boards of Commissioners. We note that Levee Districts are given the authority to collect taxes for the purpose of ". . . constructing and maintaining levees, levee drainage, flood protection, hurricane flood protection and for all other purposes incidental thereto." La. Const. Art. VI, Sec. 39 (A).
Additionally, R.S. 38:325 provides that Levee boards are charged to:
 ". . . engage in any activities related directly to:
(1) Flood protection.
(2) Construction and maintenance of levees.
* * *
 (5) Cooperative activities with other public bodies for public purposes."
In our opinion, the foregoing constitutional and statutory directives provide levee districts such as Tensas with the authority to cooperate with other levee districts to maintain levees for the purpose of protecting the lands within their jurisdiction from flooding.
We hope the foregoing adequately addresses your inquiry. Please do not hesitate to contact us if we can be of further assistance in the future.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv